Good afternoon your honors and may it please the court. Priya Patel for petitioner Gustavo Navichoque who's watching the live stream with his wife and children. I'll aim to reserve two minutes for her. I'm having some trouble hearing you. I'm not hearing you exactly but I'm hearing what you're saying as articulation. Nobody. Oh I apologize. I'll aim to speak clearly. Thank you. We're asking the court to correct two of the board's errors made below. First the credibility finding and second they're finding that the Guatemalan government would not acquiesce to Mr. Navichoque's torture. Now as the credibility finding the government isn't defending this finding at all and they're conceding that reconsideration is necessary. Essentially conceding that neither basis that the board cites is supported by substantial evidence. Now both of these both of the bases that the board cites Mr. Navichoque's use of the false identity prior and his conviction for an offense that he didn't commit. Mr. Navichoque proffered reasonable and plausible explanations for both of these discrepancies and the board erred because it failed to provide any reason let alone a specific and a cogent one before rejecting these explanations. Now the board on top of these two errors further erred by affirming the credibility finding without even mentioning let alone considering the six pieces of non-testimonial evidence in this case that verified Mr. Navichoque's account of torture and this violated both the Real ID Act and this court's precedent that says that the agency can't selectively examine evidence determining credibility but instead it has to present a reasoned analysis of the evidence as a whole. And here again we have six pieces of non-testimonial evidence in the record. We have the Guatemalan police report which confirms that Mr. Navichoque and the others in the committee were threatened by MS-13. We also have in the record at 1 31 and 32 Mr. Navichoque showing scars that he sustained after he was tortured including an injury on his finger and a scar on his face where he says MS-13 cut him. We have three witness declarations in the record each of which are consistent with each other and detailed corroborating Mr. Navichoque's account. One of on um what he said about his prior conviction and the fact that they had a police report to the contrary so um there are contention that that should just be disregarded or that it's not really well your honor he gave an explanation and under this court's precedent the court or the agency rather was required to give a specific and a cogent reason for rejecting the explanation and they didn't they affirmed the ij's finding and the ij said i'm just going to accept the police report instead of his testimony and so the ij was required to give a reason for rejecting the explanation but on top of that the ij looked at this in a vacuum and he didn't consider at all these pieces of evidence that i'm beginning to explain that are significant because they do and thirdly he did not in fact plead guilty which is what they kept saying that's correct your honor he fled no contest which as this court has held does not mean that the person is admitting to having committed the crime and so in addition to the rest of the case and then see what the government has to say um hasn't it's asked for a remand it's done this a couple times actually in this calendar on credibility issues which is a little odd because i'm not sure why the bi gets gets two shots at it but i'd like to know what they have to say so because they haven't defended it you're right and if they're really not going to defend it we don't even need to decide it so um the question is um what about the rest of the case that's correct your honor we would agree that this record does compel concluding that he's credible um and so i'll move on then to the convention against torture finding and this is where the board affirmed the ij's finding that established government acquiescence um and here the police response in this case shows that the agency's finding is completely unsupported by substantial evidence because after miss navichok was kidnapped and tortured the police said stop filing reports because it puts us at risk and this is textbook acquiescence at minimum failing to even mention this warrants reversal as this court has made clear in cases like aqua song and ds right now so which we submitted the 20ha letters for and a free and umans or aguilar which we cite to in the brief these are all cases where the court reversed because the agency didn't consider the police's refusal to intervene now the government in their briefing they try to cabin the fact that the police refuse to take a report as mere police ineffectiveness um and they cite to brajas romero which says yes police ineffectiveness isn't enough absent evidence of other inability or unwillingness to oppose criminal organization or evidence of corruption and that's exactly what we have here we have the police repeatedly unwilling to investigate despite mr navichokia's reports and then ultimately saying we're not going to accept a report because it puts us at risk and then on top of that we have widespread country evidence or right widespread country conditions evidence of corruption and the board mentions the country conditions and it says we can't miss patel sorry but tell me what evidence there was that the country conditions have changed well the country conditions shows that there is still widespread corruption as it relates to complicity with gang violence and i can point the court to at least 10 sites in the record that show that make this connection that corruption leads to um public gang violence and that the two are actually intertwined just an example at 606 there's an insight crime report that says the high level of organized crime in guatemala is largely thanks to a permissive and often complicit police force and criminal groups work closely with sectors of the government that facilitate their business and that's just one example your honor and so this country conditions evidence is it only document not only documents widespread corruption but also complicity with gang activities and this court recently in a case called zoshua jimenez which we submitted the 28 j4 said that evidence demonstrating this kind of corruption is probative acquiescence especially when you couple it with instances prior police acquiescence and so just like in zoshua jimenez this court has a record that compels including that the guatemalan government would acquiesce to mr navichoke's torture um and for that reason we're asking for a reversal and a finding so and if there are no further questions i'll reserve the remainder of my time thank you good afternoon your honors and may it please the court allison frayer for the attorney general uh in this case the adverse credibility determination is not necessary to decide the case um the particularly the particularly serious crime finding is determinative of applications for withholding of removal and uh he has completely waived those by failing to mention them in his brief in fact today at argument um listed but but as to the credibility finding um it's only not necessary on if we affirmed um the on the other issue i mean if we denied the petition on the other issue which you say we should but but it's also true that some of what he said as to acquiescence wasn't even mentioned by the um bia and that makes you think they weren't really accrediting him even even in the alternative but leaving that aside it doesn't i mean you can't throw the towel on the credibility unless that's what you want to do and in other words uh we may not agree with you on the other issue then why if the court agree if the court um rules that the petitioner did not waive the particularly serious crime finding and no no i'm not talking about the issue though um is was an alternative ruling and we could not agree with it um then why if the court rules that uh the board either didn't give reason to consideration to the evidence or when they did they uh reached a conclusion contrary to that compelled by the record then remand would be appropriate for the board to consider the evidence in the first instance uh because the supreme court says that that's what's required in ventura that the agency gets inventory it was something they hadn't decided once they've decided something we could have decided again yes it's the agency's role to look at the evidence and analyze it especially in a case like this where the acquiescence question is one where the board gets deference they have particular expertise let's leave the acquiescence issue want to know on the credibility finding why did they get to do it again that's an issue with what you're thinking is wrong with the credibility finding why they get to do it again even but leaving that aside suppose if you articulated the problems and said and therefore they should be able to do it over again they need you need to do that but why should they be able to do it over again ventura is completely different story when they didn't decide if this court rules that the record compels the conclusion that he's credible then there would be no further role for the agency to play in that in the credibility arena but if the court thinks that there would be more evidence that the court needed that the board needed to reach in the credibility arena then remand would be appropriate but i'm not sure that um remand would be required by ventura in the credibility context like it would in cat so assuming that he's credible what is your position assuming that he's credible um and leaving the particularly serious crime finding to the side um our the government's position is that the agency gave reasoned consideration to the evidence in the record and that evidence does not compel the conclusion that the guatemalan authorities would acquiesce to mr navichoke's torture if he experienced any upon return the police were uh not as responsive as he would have liked when he reported the crimes to them but there's no evidence that they absolutely refused to investigate or refuse to do what they could but there is such evidence he said that as to the threats yes they said everything would be fine but they never did as far as he knows he didn't do anything but as to the kidnapping which was the actual torture um they said don't report it anymore leave us out of this uh we're afraid of them too essentially and don't come here anymore they did ask him to stop filing reports because they acknowledged that they were at risk too but they mr navichoke draws from that that they necessarily didn't investigator wouldn't have helped him further and i'm not sure that that's compelled by the evidence the police were admitting that they're at risk from gangs but that's not the same thing as what's been the case in the other cases to which petitioner sites so in soshua james the police observed the petitioner being or the yeah observed the that's the level of acquiescence that we're talking about the the acquiescence standard for cat is higher than the standards of unable or unwilling for asylum and withholding it's uh the agency never reached that question because it was ineligible for other reasons but the question isn't hold on so what so you're suggesting that the only way one could find that would be to have the police actually be in this torture no not at all there are plenty of other ways that it could happen but one of the cases petitioner was relying on for the proposition that uh reluctance to investigate equals acquiescence doesn't really stand for that proposition as as widely as she reads it so where is the line then well that can be tricky but the acquiescence is um where the police know uh in advance or are willfully blind to something and then they breach their legal duty to intervene not where they're upset that you're bothering them not where they feel they're at risk not where they are ineffective the expression hear no evil see no evil they didn't see the evil they didn't want to hear no evil either didn't they and isn't that acquiescence comes plus if they're afraid to even have a report does that suggest that they're going nonetheless going to go do something next time they're going to prevent something they don't want to get involved i don't know and that's not my burden to show that petitioner bears the burden of demonstrating the eligibility and that the record compels that conclusion and there's no doubt that there's some evidence in this record but not sufficient evidence to compel the conclusion of meeting the high standard of acquiescence for cat the bia misstated the record yes don't believe so you're there are only two instances who doesn't say anything about what happened after the kidnapping the ij said there were only two reports and petitioner counts it as three but it's the ij said two reports because two of the reports were about the same incident about the threatening incident mr navichoke went once and then he went back a couple of days or a week later to check on it and so the ij counted that i it's pretty clear about as one report based on the threats um and then one again about the kidnapping so whereas petitioner counts three the ij counts two there's no real discrepancy and to the extent that there is i don't think that shows that the agency uh wasn't paying attention to this to the case or not doing it properly the um board uh didn't mention those reports specifically because it's simply reviewing the ij's decision it can't find facts in the first instance it shouldn't be doing that and so in its review it did not specifically mention the reports but it's not required to it mentioned the uh country conditions evidence of pervasive corruption and ruled that mr navichoke had not sufficiently demonstrated a link between pervasive corruption and what he feared he didn't even fear that the police were corrupt in his hometown specifically the police had said to stop reporting because they were nervous but that's not the same as corruption so it's not clear how the mr navichoke's personal situation uh from 17 years ago and if we thought that the bia not in fact properly construed what the evidence was then remand under ventura would be appropriate for the board to uh reevaluate the evidence with this with the benefit of this court's uh reading of it either i mean this is not a different issue initially ventura was a new issue that nobody had decided and then the court went ahead and decided on its own yeah this is this they decided this question the acquiescence question they just decided it with some bleak review of what the evidence was but they wanted to get that's the part i don't get it because if they if this court were to remand on that question then it would be because the agency didn't properly consider the evidence so they didn't consider the evidence so they need the opportunity to do that that would be the role of this court would be to remind the board that they need to look at the evidence to point them to specific things that this court finds relevant to read the evidence the way this court finds the record compels them to do but they still have the expertise and deserve the deference to look at that evidence in the first instance in light of their expertise on these questions if there are no further questions the petition for review should be denied thank you thank you miss patel if you have anything else you want to say uh yes your honor i won't belabor the enough in the record to compel that he's credible now as tech we have since just a few quick points uh the government seems to be um reading into the acquiescence center some sort of requirement that malfeasance is required but that's not what this court has held in cases like ds no so in aku song which were our 28k letters there the police inaction uh was quite similar here the police just didn't have their resources or the police uh said that they weren't able to intervene but they weren't aware of but do you think our case law is a little muddy about whether i had always understood as misdreavus is that the standard of acquiescence is not as mean as the unable or unwilling but at some points we seem to be saying that it is i don't know if so i don't know if you're arguing that it is the same or it's different that's correct this court has at some points held that unwillingness and inability when it's coupled with police and effectiveness can be enough but i think that's different from the asylum statute because this acquiescence piece really contemplates prior police acquiescence to torture and so i think that's where that language comes from even if we disregard that language if we look straight to the regulation or straight to the cases that interpret the regulation the requirement is that the official be aware of an activity constituting torture have awareness of it which is what they have here and then breach their legal responsibility to intervene and that is also we have here we have as um as this court pointed out willful blindness to the acquiescence and again you don't need any sort of level of malfeasance to do that um also just point out that the government uh describes the discrepancy or describes the ij's misstatements as saying the said um that he twice went to the police department to report and the record is clear he went to the police department three times to report um so that is a misstatement that and so if the bia relied on that it's its own error um and we also would just end on this note that yes this is a record that compels concluding acquiescence and on top of that there's an undisturbed past has been escaped it's likely that they'll be tortured again unless there are circumstances or conditions that have changed significantly and this record does compel finding that there haven't been a change in circumstances especially in light of the fact that mr navichoke has a witness declaration testimony and a death certificate that confirm that someone who was on the committee with him was killed murdered just a year prior to the hearing so if there are no other questions i'm happy to submit thank you very much thank you both arguments i'm still going to call it by the name that's on our calendar which is morale is like this versus bar you submitted and you'll go to andre's versus bar
judges: Schroeder, Berzon, Mendoza